UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TODD DUFFEY,<br><br>                              Plaintiff,<br><br>– against –<br><br>TWENTIETH CENTURY FOX FILM CORPORATION AND LIBRARY PUBLICATIONS, INC.,<br><br>                              Defendants. | ECF Case<br><br>Jury Trial Demanded<br><br>**SECOND AMENDED COMPLAINT**<br><br>Case #: 13-cv-1354 (JPO) |

The Plaintiff, by and through his undersigned attorney, alleges upon knowledge as to himself and his own acts, and as to all other matters upon information and belief, and brings this Second Amended Complaint against the above-named Defendants, and in support thereof alleges the following:

**PRELIMINARY STATEMENT**

1. This action is brought by the Plaintiff, the actor who portrayed the character "Chotchkie's Waiter" in the 1999 movie *Office Space*. The Plaintiff seeks declaratory, monetary and injunctive relief against the Defendants for the unauthorized use of his photograph on consumer merchandise.

**JURISDICTION AND VENUE**

2. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. §§ 1331 as the Plaintiff's claim is brought pursuant to Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)). The Court has authority to issue a declaratory judgment by virtue of 28 U.S.C. § 2201. This court has supplemental jurisdiction over any state law causes of action pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the Defendants are located within this district.

## PARTIES

4. The Plaintiff, Todd Duffey (the "Plaintiff"), is an individual residing in Los Angeles County, California and is a member of the Screen Actors Guild ("SAG").

5. The Defendant, Twentieth Century Fox Film Corporation ("Fox") is a Delaware corporation registered to do business in the State of New York.

6. Based upon information and belief, the Defendant, Library Publications, Inc. d/b/a Running Press ("Running Press") is a Pennsylvania corporation with a principal place of business located at 2300 Chestnut Street, Suite 200, Philadelphia, PA 19103.

## FACTUAL ALLEGATIONS

7. On or about May 12, 1998, the Plaintiff entered into a "Theatrical Motion Picture Day Player Employment Agreement" (the "Agreement") with Cubicle, Inc. ("Cubicle") to portray the character "Chotchkie's Waiter" in the movie *Office Space* (the "Film").

8. The Agreement is subject to the SAG collective bargaining agreement in effect from July 1, 1995 to June 30, 1998. (the "SAG Agreement").

9. SAG is not involved in, does not collect, and does not monitor royalties derived from consumer merchandise on behalf of SAG performers.

10. The SAG Agreement is silent as to a producer's right to use a performer's photograph on consumer merchandise.

11. Paragraph 22 of the SAG Agreement expressly requires a producer to separately negotiate the reuse of photography with a performer in other entertainment mediums not related to consumer merchandise (*e.g.*, other movies and television).

12. Pursuant to Paragraph 22 of the SAG Agreement, if a producer reuses photography in other entertainment mediums not related to consumer merchandise without a performer's prior authorization and without prior negotiation, the performer's damages are limited to three (3) times his day rate.

13. Paragraph 9 of the SAG Agreement generally requires a performer to arbitrate monetary disputes with a producer but specifically excludes disputes related to injunctive relief and consumer merchandise from the arbitration provisions of the SAG Agreement.

*The Defendants' Unauthorized Use of the Plaintiff's Photograph on Consumer Merchandise*

14. The Film was released by Fox on or about February 19, 1999.

15. On or about January 1, 2007, Fox entered into a Merchandising License Agreement with Running Press, whereby Fox purportedly gave Running Press the right to use a still image of the Plaintiff from the Film on consumer merchandise.

16. According to Running Press' website, Running Press began selling the *Office Space Box of Flair* by Jennifer Leczkowski in interstate commerce on or about October 2, 2007 (the "*Box of Flair*").

17. The Plaintiff's photograph appears on the front of the *Box of Flair*.

18. The *Box of Flair* includes a 32-page book and fifteen "flair" buttons. The Plaintiff's photograph appears on one of the "flair" buttons.

19. In 2010, the Plaintiff learned for the first time that his photograph was being used on the *Box of Flair*.

20. On or about January 24, 2013, the Plaintiff requested a full accounting of the sales of the *Box of Flair* from Running Press.

21. Running Press refused to provide an accounting of sales or provide the Plaintiff

with any documentation that showed Fox approved of the use of the Plaintiff's image on the *Box of Flair*.

22. On February 28, 2013, the Plaintiff filed a complaint against Running Press seeking monetary damages and injunctive relief (the "Complaint").

23. Thereafter, Fox and Running Press advised the Plaintiff of the agreement between them.

24. The Defendants now contend that the Plaintiff's claim for monetary damages is subject to arbitration pursuant to Paragraph 9 of the SAG Agreement.

25. The Defendants now contend that the Plaintiff's monetary damages are limited to three (3) times his day rate pursuant to Paragraph 22 of the SAG Agreement.

## CAUSES OF ACTION

### COUNT I
### DECLARATORY JUDGMENT

26. The Plaintiff repeats and realleges each of the allegations set forth above as though they were fully set forth herein.

27. The Defendants contend that Paragraph 9 of the SAG Agreement requires the Plaintiff to arbitrate his claim for monetary damages related to the Defendants' unauthorized use of his photograph on consumer merchandise.

28. The Defendants contend that pursuant to Paragraph 22 of the SAG Agreement, the Plaintiff's claim for monetary damages resulting from the Defendants' unauthorized use of his photograph on the *Box of Flair* is limited to three (3) times his day rate.

29. An actual controversy exits between the Plaintiff and the Defendants as to: 1) whether the Plaintiff is required to arbitrate his claim for monetary damages against the

Defendants pursuant to Paragraph 9 of the SAG Agreement; and 2) whether the Plaintiff's monetary damages resulting from the Defendants' unauthorized use of his photograph on the *Box of Flair* are limited to three (3) times his day rate.

30. Therefore, to protect his rights and interests, the Plaintiff requests a declaration that: 1) the Plaintiff is not required to arbitrate his claims for monetary damages against the Defendants pursuant to Paragraph 9 of the SAG Agreement; and 2) the Plaintiff's claim for monetary damages resulting from the Defendants' unauthorized use of his photograph on the *Box of Flair* is not limited to three (3) times his day rate.

## COUNT II

### FALSE DESIGNATIONS OF ORIGIN
### (15 U.S.C. § 1125(a))

31. The Plaintiff repeats and realleges each of the allegations set forth above as though they were fully set forth herein.

32. 15 U.S.C. § 1125(a) prevents a person from using another's photograph in a false or misleading way that is likely to cause confusion, mistake and/or deceive as to an affiliation, connection or association.

33. The Defendants' use of the Plaintiff's photograph is likely to cause confusion, mistake or deception as to: (i) the affiliation, connection, or association of the Plaintiff to the Defendants; and/or (ii) as to the origin, sponsorship, or approval of the Defendants' goods, services or commercial activities by the Plaintiff.

34. The Plaintiff has been and is likely to be damaged by the Defendants' manufacture and sale of the *Box of Flair* using his photograph.

35. The Defendants' use of the Plaintiff's photograph constitutes a false designation of origin, false or misleading description of fact, or false or misleading representation of fact in violation of 15 U.S.C. § 1125(a).

36. The Plaintiff has suffered actual damages and the Plaintiff is likely to be damaged by the Defendants' manufacture and sale of the *Box of Flair* using the Plaintiff's photograph.

## COUNT III
## BREACH OF CONTRACT
**(Against Fox)**

37. The Plaintiff repeats and realleges each of the allegations set forth above as though they were fully set forth herein.

38. In the alternative, in the event that the SAG Agreement is applicable to the reuse of the Plaintiff's photograph on consumer merchandise, Fox has breached the provisions of the SAG Agreement by failing to obtain the Plaintiff's authorization to use his photograph on the *Box of Flair*.

39. As a result of Fox's breach of the SAG Agreement, the Plaintiff is entitled to monetary damages in an amount to proven at trial.

**WHEREFORE**, the Plaintiff respectfully requests that this Court enter judgment against the Defendants as follows:

1. Declare that the Plaintiff's claim for monetary damages against the Defendants is not subject to the arbitration provisions contained in Paragraph 9 of the SAG Agreement;

2. Declare that the Plaintiff's claim for monetary damages for the unauthorized use of his photograph on the *Box of Flair* is not limited to three (3) times his day rate;

3. Issue a permanent injunction enjoining, restraining and prohibiting the Defendants, their agents, servants, employees, officers, directors, successors and assigns, and all persons, firms and corporations acting in concert or participation with the Defendants or on the Defendants' behalf, from using the Plaintiff's photograph on consumer merchandise;

4. Order the Defendants to destroy any merchandise using the Plaintiff's photograph in their possession;

5. Order an award of actual damages suffered by the Plaintiff as a result of the Defendants' violation of the Lanham Act and unauthorized use of the Plaintiff's photograph in an amount to be determined at trial, plus any of the Defendants' profits which are attributable to such unauthorized use; in the alternative, Order an award of contractual damages suffered by the Plaintiff as a result of the Defendants' breach of the SAG Agreement in an amount to be determined at trial;

6. Order an award of costs and reasonable attorney's fees to the Plaintiff; and

7. Order an award of such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury.

Dated: New York, New York
June 24, 2013

Respectfully submitted,

RANDALL S. NEWMAN, P.C.

By: s/ Randall S. Newman
Randall S. Newman, Esq. (RN7862)
37 Wall St., Penthouse D
New York, New York 10005
Tel: (212) 797-3737

*Attorney for Plaintiff,*
*Todd Duffey*